# UNITED STATES BANKRUTPCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| IN RE:  WARREN G. BOELHOUWER | ) | CHAPTER 13 |
| CARLA S. BOELHOUWER | ) | |
| | ) | |
| DEBTORS | ) | CASE NO. 12-43249 |
| | ) | |
| | ) | JUDGE DIEHL |

### POST-CONFIRMATION MODIFICATION OF PLAN
### AND REQUEST FOR ITS APPROVAL

**WARREN G. BOELHOUWER AND CARLA S. BOELHOUWER**, Debtors, propose to modify the confirmed plan of reorganization as set forth below and requests that this modification be approved.

### MODIFICATION OF PLAN

**WARREN G. BOELHOUWER AND CARLA S. BOELHOUWER**, Debtors hereby modify the Chapter 13 Plan, which the Court Confirmed on January 31, 2013 as follows:

PLAN AMENDMENT TO REDUCE TRUSTEE PAYMENT EFFECTIVE OCTOBER, 2016 DUE TO DECREASED HOUSEHOLD INCOME.

This 22nd day of September, 2016.

                                    Respectfully Submitted,

                                    /s/JEFFREY B. KELLY_____
                                    Attorney for Debtors
                                    GA Bar No.  412798
                                    107 E. 5th Avenue
                                    Rome, Ga.  30161
                                    (678) 861-1127 (phone)
                                    (706) 413-1365 (fax)
                                    lawoffice@kellycanhelp.com

UNITED STATES BANKRUTPCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: WARREN G. BOELHOUWER ) | CHAPTER 13 |
| CARLA S. BOELHOUWER ) | |
| ) | |
| DEBTORS ) | CASE NO. 12-43249 |
| ) | |
| ) | JUDGE DIEHL |

## POST-CONFIRMATION MODIFICATION OF PLAN
## AND REQUEST FOR IT'S APPROVAL

## NOTICE OF FILING OF MODIFICATION OF CONFIRMED PLAN,
## DEADLINE FOR FILING WRITTEN OBJECTIONS AND
## HEARING DATE AND TIME IF OBJECTION IS TIMELY FILED

To: Creditors and Other Parties in Interest

**PLEASE TAKE NOTICE** that the Debtors filed and served on you a proposed modification to the confirmed plan in this case. Pursuant to Rule 3015(g) of the Federal Rules of Bankruptcy Procedure, any creditor or other party in interest opposing this proposed modification must file that objection in writing with the Court on or before the following deadline.

**DEADLINE FOR FILING OBJECTIONS:** October 17, 2016

**PLACE OF FILING:**

> Clerk, United States Bankruptcy Court
> Room 339, Federal Building
> 600 East First Street
> Rome, Ga. 30161-3187

If you mail an objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also serve a copy on the undersigned at the address stated below and on the Debtor at:

WARREN G. BOELHOUWER
CARLA S. BOELHOUWER
107 ATTERIAM DRIVE
ROME, GA 30161

**PLEASE TAKE FURTHER NOTICE** that if an objection to the proposed Modification is timely filed, the Court will hold a hearing on the Modification on **November 8, 2016 at 9:50AM.** in Courtroom 342, The Federal Building, 600 East First Street, Rome, GA 30161. **If no objection is timely filed, the proposed Modification will be effective pursuant to 11 U.S.C. § 1329(b)(2) as a part of the Confirmed Plan without further notice of hearing.**

This 22nd day of September, 2016.

Respectfully Submitted,

/s/ JEFFREY B. KELLY
Attorney for Debtors
GA Bar No. 412798
107 E. 5th Avenue
Rome, Ga. 30161
(678) 861-1127 (phone)
(706) 413-1365 (fax)
lawoffice@kellycanhelp.com

# United States Bankruptcy Court
## Northern District of Georgia

In re: Warren G. Boelhouwer
       Carla S. Boelhouwer
                                          Debtor(s)

Case No. 12-43249-mgd
Chapter 13

## CHAPTER 13 PLAN

Extension ☐                                          Composition ☑

## PLAN AMENDMENT TO REDUCE TRUSTEE PAYMENT EFFECTIVE OCTOBER, 2016 DUE TO DECREASED HOUSEHOLD INCOME

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$750.00 Monthly** to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the applicable commitment period of **36** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

☐ IF CHECKED, Plan payments will increase by $__ in month __ upon completion or termination of __.

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

   (B). **Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $ **4,000.00** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $ **4.00** was paid prior to the filing of the case. The balance of the fee shall be disbursed by Trustee as follows: (1) Upon the first disbursement of the plan following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to $ **3,996.00** after the payment of adequate protection payments and administrative fees. The remaining balance of the fees shall be paid up to $ **350.00** per month until the fees are paid in full; (2) If the case is dismissed or converted prior to confirmation of the plan, the Trustee shall pay fees to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, all funds remaining, not to exceed $ **3,996.00**, after payment of any unpaid filing fees, Trustee's fees and expenses, and adequate protection payments, if applicable.

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   ☑ None. If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

1                                                                                              04.14.08

(ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

| -NONE- |
|---|

(iii). Anticipated Domestic Support Obligation Arrearage Claims

(a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

☑ None; or

| (a) Creditor (Name and Address) | (b) Estimated arrearage claim | (c) Projected monthly arrearage payment |
|---|---|---|
| -NONE- | | |

(b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

☑ None; or

Claimant and proposed treatment:    -NONE-

(B). **Other Priority Claims (e.g., tax claims).** All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a) Creditor | (b) Estimated claim |
|---|---|
| Internal Revenue | 0.00 |
| Georgia Department of Revenue | 0.00 |

6. **Secured Claims.**

(A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

(i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

☐ directly to the creditor; or

☑ to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
| Nissan Motor Acceptance | 2009 Nissan Armada | 300.00 |

04.14.08
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037
Best Case Bankruptcy

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If the Debtor elects to propose a different method of payment, such provision is set forth in paragraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Nissan Motor Acceptance | 2009 Nissan Armada | 1/2009 | 35,000.00 | 5.00% | $710.00 per month |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☑ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| -NONE- | | | | | |

(c). **Other provisions.**

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| Suntrust Mortgage - transferred to Federal National Home Mortgage (first mortgage only) | House at: 107 Atteiram Drive Rome, GA 30161 | 400.00 | No Payment Required |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court

3

04.14.08

order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| Best Buy/HSBC/Bass and Associaties | computer |

**7. Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $ __164,733.00__ . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $ __0.00__ or __0__ %, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

**8. Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☐ None; or **DEBTOR REJECTS LEASE WITH Martin Real Estate**.

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| | | | 0.00 |

**9. Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

**10. Other Provisions:**

(A). **Special classes of unsecured claims.**

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to Suntrust on the first mortgage. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee will pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

**Debtor has a filed/will file a Motion to Determine the Secured Status of Suntrust - second mortgage and to Strip Lien Effective upon Discharge. If the Court grant this Motion, Suntrust - second mortgage's claim will de deemed wholly unsecured and the lien securing Suntrust - second mortgage's claim will be voided upon discharge. Accordingly, the Plan will treat Suntrust - second mortgage's claim as a general unsecured claim, governed by paragraph 7 of this plan, and Debtor will make no direct payments to Suntrust - second mortgage.**

(C). **Other allowed secured claims:** A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with __0__ % interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

(D). **Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f):** The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:
-Gadston

(E). **Other provisions.** Any refund that is issued to the Debtor during the applicable commitment period shall be paid into the Chapter 13 case. Further, the Debtor instructs and authorizes the Internal Revenue Service or any other applicable tax agency to send any refund issued in excess of $1,500 per tax year during the applicable commitment period directly to the Chapter 13 Trustee 11 U.S.C. Section 1325(a)(3).

**This plan shall run for a base period of 60 months without regard to the dividend to the unsecured creditors.**

Date  **September 22, 2016**                Signature  /s/
                                                       **Warren G. Boelhouwer**
                                                       Debtor

Date  **September 22, 2016**                Signature  /s/
                                                       **Carla S. Boelhouwer**
                                                       Joint Debtor

Attorney  /s/
          **Jeffrey B. Kelly 412798**

5

American Express
PO Box 981537
El Paso, TX 79998

Bank of America
PO Box 17054
Wilmington, DE 19884

Bass & Associates
3936 E Fort Lowell Road
Suite 200
Tucson, AZ 85712-1083

Best Buy
90 Christiana Rd
New Castle, DE 19720-3118

Capital One
PO Box 30281
Salt Lake City, UT 84130

Chase Auto Finance
PO Box 29505
Phoenix, AZ 85038-9505

Chase Bank USA
PO Box 15298
Wilmington, DE 19850

Chase/Best Buy
PO Box 15298
Wilmington, DE 19850

Citi Cards/CitiBank
PO Box 6500
Sioux Falls, SD 57117

Citibank/Sears
PO Box 6241
Sioux Falls, SD 57117

Collection SVC of Athens
110 Newton Bridge Road BLD
Athens, GA 30607

eCast Settlement Corporation
PO Box 29262
New York, NY 10087-9262

Equifax
PO Box 740241
Atlanta, GA 30374-0241

Experian
PO Box 2104
Allen, TX 75013-0949

First Premier Bank
601 S. Minnesota Avenue
Sioux Falls, SD 57104

Floyd Medical
P.O. Box 233
Rome, GA 30162-0233

GE Money Bank/Belk
PO Box 965028
Orlando, FL 32896

GE Money Bank/Lowes
PO Box 981064
El Paso, TX 79998

Georgia Department of Revenue
Bankruptcy Section
PO Box 161108
Atlanta, GA 30321-1108

Home Depot/Citibank
PO Box 6497
Sioux Falls, SD 57117

Internal Revenue Service
Insolvency Section
PO Box 21126
Atlanta, GA 39901-0025

Larry Martin
201 Broad Street
Suite 200
Rome, GA 30161

Martin Real Estate
201 Broad Street
Suite 200
Rome, GA 30161

McCalla Raymer LLC
1544 Old Alabama Road
Roswell, GA 30076

NCO Credit Services/51
507 Prudential Road
Horsham, PA 19044

NCO Financial Services/99
507 Prudential Road
Horsham, PA 19044

Nissan Motor Acceptance
8900 Freeport Parkway
Irving, TX 75063

PRA Receivables Management
PO Box 41067
Norfolk, VA 23541

Reagin Law Group, P.C.
PO Box 502287
Atlanta, GA 31150

Sams Club/GE Money Bank
P.O. Box 981064
El Paso, TX 79998

Scana Energy Marketing
3344 Peachtree Rd NE
STE 2150
Atlanta, GA 30326

Simpson Law Offices, LLP
3490 Piedmont Road, NE
Atlanta, GA 30305

Suntrust Bank
PO Box 85526
Richmond, VA 23285

Suntrust Mortgage
Residential Credit Solutions
PO Box 78954
Phoenix, AZ 85062-8954

Trans Union
PO Box 1000
Chester, PA 19022

West Asset Management
2703 North HWY 75
Sherman, TX 75090